UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 08-23-KSF-HAI
(Civil Action No. 10-7118-KSF-HAI)

UNITED STATES OF AMERICA     PLAINTIFF

V.     **<u>OPINION & ORDER</u>**

STEPHEN LAVON SCOTT     DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the Motion of the Defendant, Stephen Lavon Scott, *pro se*, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct a sentence [DE #44] and the response filed by the United States requesting dismissal of Defendant's motion [DE #28]. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration.

Defendant's § 2255 petition presents a single claim - that his appellate counsel rendered ineffective assistance of counsel when he failed to petition the Sixth Circuit Court of Appeals for rehearing en banc following the Sixth Circuit's denial of Defendant's appeal. Specifically, Defendant claims that the decision of the United States Supreme Court in *Arizona v. Gant*, 556 U.S. 332 (2009), which was rendered while Defendant's direct appeal was pending, changed the law in his favor with respect to Defendant's claim raised on appeal of unlawful seizure and search of his vehicle and that this should have been brought to the Sixth Circuit's attention by way of a petition

for rehearing en banc.¹ Defendant also claims that he informed counsel that he wanted to exhaust every avenue he had available to him, including filing a petition for a writ of certiorari, which his counsel did not pursue.

On May 30, 2012, the Magistrate Judge issued his Recommended Disposition, recommending that Defendant's petition be dismissed [DE #58]. Specifically, the Magistrate Judge determined that, under *Nichols v. United States*, 563 F.3d 240 (6th Cir. 2009)(en banc), Defendant did not have a constitutional right to counsel for any discretionary appeal. In *Nichols*, the Sixth Circuit explained:

> The Sixth Amendment guarantees that at trial and on direct "first tier" appeal every criminal defendant will have access to a lawyer to assist with his or her defense. *See Halbert v. Michigan*, 545 U.S. 605, 610, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005). But, the Constitution does not entitle a defendant to the assistance of counsel for a discretionary appeal (e.g., a petition for certiorari). *Ross v. Moffitt*, 417 U.S. 600, 617, 94 S.Ct. 2437 ("[T]his Court has followed a consistent policy of denying applications for appointment of counsel by persons seeking to file jurisdictional statements or petitions for certiorari in this Court."). And, "where there is no constitutional right to counsel there can be no deprivation of effective assistance," *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)(citation omitted), so the failure to file for such review cannot amount to constitutionally ineffective assistance. *See Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982)(holding that because the defendant had no constitutional right to the assistance of counsel in pursuit of state supreme court certiorari, "he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the [certiorari] application timely").

*Id.* at 248.

The Magistrate Judge also noted that, with respect to the lack of an en banc filing, the *Nichols* Court found that there was no prejudice to the defendant as a matter of law because an en banc

---

¹The Magistrate Judge noted that, as acknowledged by Defendant, *Gant* was relied upon significantly in Defendant's reply brief on direct appeal. Thus, the arguments that Defendant now proposes should have been raised by way of a petition for rehearing en banc were, in fact, presented during the regular briefing on the merits of his appeal.

rehearing is not a predicate to a certiorari petition that the defendant could have pursued on his own. *Id*. at 252. In *Nichols*, although the Court declined to consider whether a defendant has a right to the assistance of counsel on a motion for rehearing of an appellate decision, the Court explained:

> The filing of a motion for rehearing before this court is not a prerequisite to the filing of a petition for certiorari, *see* Sup.Ct. R. 13(3); *see also Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1296 n. 4 (11th Cir.2005)("A petition for rehearing or suggestion for rehearing en banc is not, of course, required before a petition for certiorari may be filed in the United States Supreme Court."), and hence, the failure to file that motion had no effect on Nichols's ability to petition for certiorari. Counsel's failure to move for reconsideration or rehearing en banc did not prejudice Nichols. To the extent that Nichols suffered prejudice, that prejudice was the result of his failing to petition for certiorari, a failing he cannot attribute to counsel.

*Id*. at 252-253. *See also McNeal v. United States*, 54 F.3d 776 at *2 (6th Cir. May 11, 1995)(unpublished)(as the granting of a rehearing en banc by the Court of Appeals is discretionary, there is no constitutional right to counsel in seeking rehearing en banc).

Applying *Nichols* and *McNeal*, the Magistrate Judge concluded that, because Defendant did not have a constitutional right to counsel for any discretionary appeal, Defendant cannot establish deficient performance under *Strickland v. Washington*, 466 U.S. 668 (1984). For all of these reasons, the Magistrate Judge recommended that Defendant's motion to vacate be dismissed. In addition, the Magistrate Judge determined that reasonable jurists would not debate the denial of Defendant's § 2255 motion. Accordingly, the Magistrate Judge recommended that a certificate of appealability be denied by this Court.

No objections were filed to the Magistrate Judge's Recommended Disposition, and the time for filing same has passed. Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party

objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's Recommended Disposition waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Recommended Disposition.

In determining whether a certificate of appealability should issue as to Defendant's claim, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. The Court determines that Defendant has not presented a close call or one which is "debatable" and, therefore, a certificate of appealability will not issue.

Accordingly, the Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** as follows:

1. The Magistrate Judge's Recommended Disposition [DE #58] is **ADOPTED** and **INCORPORATED** by reference as and for the Opinion of the Court;

2. The Defendant's Motion [DE #44] is **DENIED** and **DISMISSED** with prejudice;

3. A Certificate of Appealability shall not issue because the Defendant has not made a substantial showing of the denial of any substantive constitutional right; and

4. Judgment will be entered contemporaneously with this Opinion and Order in favor of the United States.

This June 27, 2012.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge